MORRIS I. SALTER, et als.

*vs.*

CHARLES A. GREENWOOD, et als.

Penobscot.    Opinion January 12, 1915.

*Check.    Denial of Partnership.    Evidence.    Exceptions.    Partnership.    Report of Evidence must be made a part of Exceptions.*

1.   If a bill of exceptions does not contain enough to show that the point raised was material, and that the ruling complained of was both erroneous and prejudicial, the exceptions cannot be sustained.

2.   In considering exceptions, neither the evidence nor the charge of the presiding Justice can be examined, except so far as they are made a part of the bill of exceptions.

3.   It lies clearly within the discretion of the presiding Justice to submit special questions to the jury, and to require them to return special verdicts.

On motion and exceptions by the defendants.    Motion and exceptions overruled.

In this action of assumpsit, the plaintiffs seek to recover of Charles A. Greenwood, Edward H. Greenwood and Grace A. Greenwood, copartners doing business under the firm name of Greenwood Woolen Company, the amount of three checks, given to the plaintiff by said Company.    The defendant, Charles A. Greenwood, filed a denial of partnership under Rule X.    The only question submitted to the jury was whether he was a copartner.    The jury found that he was a member of said firm, and the defendant filed a motion for a new trial and had exceptions to certain rulings of the presiding Justice, which are considered in the opinion.

The case is stated in the opinion.

*F. D. Dearth, and Hudson & Hudson,* for plaintiffs.

*George E. Thompson, and W. M. Warren,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, JJ.

SAVAGE, C. J. This is an action on a check and is brought against the defendants as copartners, doing business under the name of Greenwood Woolen Company. The only question at issue is whether Charles A. Greenwood was a member of the firm at the time the check was given. He seasonably filed a denial of partnership under Rule X. The jury found that he was a member, and the case comes before us on his motion for a new trial and exceptions.

The bill of exceptions is in these words:—"During the trial, subject to the objection of the defendant, the court allowed in testimony evidence tending to show:—

First. Conversation with Charles A. Greenwood in regard to partnership without definitely fixing the time of conversation.

Second. Evidence in regard to another and separate transaction, to wit, with one Flanders, who was not a party to this writ.

Third. Evidence in regard to claims against Greenwood Woolen Company held by an attorney named Crosby.

Fourth. Evidence admitting so much of letter heads without showing knowledge of Charles A. Greenwood as to their existence.

Fifth. Evidence admitted in regard to who constituted Greenwood Woolen Company when first started.

Sixth. Also to instructions asking jury to answer certain questions framed by Court."

It has been held many times that a bill of exceptions must contain enough to show that the point raised was material, and that the ruling complained of was both erroneous and prejudicial, or nothing can be taken by the exceptions. Error must appear affirmatively. *Darling* v. *Dodge,* 36 Maine, 370; *Webster* v. *Calden,* 55 Maine, 165; *Allen* v. *Lawrence,* 64 Maine, 175; *Noyes* v. *Gilman,* 71 Maine, 394; *Smith* v. *Smith,* 93 Maine, 253; *Neal* v. *Rendall,* 100 Maine, 574; *Jones* v. *Jones,* 101 Maine, 447; *Doylestown Ag. Co.* v. *Brackett,* 109 Maine, 301, and many others. The bill must show what the issue was. 67 Maine, 70. It must show the facts concerning which the ruling was made. *Nutter* v. *Taylor,* 78 Maine, 424; *Penley, Compl't,* 89 Maine, 313. It must contain enough to show that the points raised are material. *Jones* v. *Jones,* 101 Maine, 447. "It is not enough that the court can find all of these characteristics by studying the report of the evidence in support of a motion for a new trial,

when it accompanies a bill of exceptions. The bill must be strong enough to stand alone. In considering the exceptions the court cannot travel outside of the bill itself. In this respect the court cannot consider the report of the evidence, nor the charge of the presiding Justice, unless they are made a part of the bill of exceptions." *Jones* v. *Jones,* supra.

Tested by these well established rules, it is manifest that the exceptions, except possibly the last one, are not well presented. They do not state what the testimony was which was admitted. They do not contain enough to show whether the testimony was relevant and material or not, or whether it was admissible, or if not, whether it was prejudicial. For aught that appears in the bill, each class of testimony objected to may have been admissible upon some issue.

As to the last exception, if it be granted that it was definite enough to raise the point, it is only necessary to say that it is clearly within the discretion of the presiding Justice to submit special questions to the jury, and require them to return special verdicts. The practice is ancient and general, and often serves a very useful purpose.

It follows that the defendant can take nothing by his exceptions.

Nor can he stand any better under his motion. It will serve no good purpose to analyze the evidence in this opinion. It consisted of the conduct and declarations of the defendant, and was ample to sustain the finding of the jury that he was a partner, especially in view of the fact that it was uncontradicted. The defendant did not testify.

*Motion and exceptions overruled.*